IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF ELIZABETH SPANGLER, a person with a disability,[1] | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 261, 2025<br><br>Court Below—Court of Chancery<br>of the State of Delaware<br><br>C.A. No. 20804-N |

Submitted: August 6, 2025
Decided: August 22, 2025

Before **TRAYNOR, LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

Upon consideration of the notice to show cause and the response, it appears to the Court that:

(1)     On February 3, 2025, Elizabeth Spangler's daughter ("Daughter") filed a petition in the Court of Chancery seeking to be appointed as guardian of Spangler's person and property.  The court appointed an attorney *ad litem* for Spangler. Spangler's boyfriend ("Boyfriend") objected to the petition, contending that a guardian was unnecessary.  The attorney *ad litem* recommended that the court appoint Daughter or a neutral third party as Spangler's guardian.

(2)     After an evidentiary hearing, the Magistrate issued a final report on June 10, 2025 (the "Final Report").  The Magistrate recommended appointment of a

---

[1] The Court has assigned a pseudonym in this appeal of a guardianship matter.

neutral third party as guardian of Spangler's person and property. The Magistrate stated that exceptions to the Final Report could be filed under Court of Chancery Rule 144. No exceptions were filed within the time permitted by Rule 144. On June 25, 2025, the Magistrate entered an order appointing Neighbor Care HCFS as Spangler's guardian.

(3) On June 18, 2025, Boyfriend filed a document in this Court that was deemed to be a notice of appeal from the Final Report. The Clerk's office issued a notice directing Boyfriend to show cause why this appeal "should not be dismissed for lack of jurisdiction because this is not an **uncontested** civil miscellaneous matter in which Court of Chancery Rule 144(c)(2)(B) applies and the Chancellor or a Vice Chancellor has not entered a final order."[2] The notice also directed the attorney *ad litem* and Daughter to respond to the notice to show cause.

(4) Boyfriend requested an extension of the deadline to respond to the notice until August 5, 2025 because he had suffered a stroke. The Court granted the requested extension. To date, Boyfriend has not responded to the notice to show cause.

---

[2] As this Court discussed in *In re Brewster*, the Court of Chancery amended its rules governing exceptions to magistrate's reports last year to "eliminate[] the requirement that the Chancellor or a Vice Chancellor enter an adopting order after a magistrate grant[ed] an uncontested petition on the civil miscellaneous docket—in such a case, the magistrate's report now is 'deemed adopted in its entirety as an order of the Court.'" 2025 WL 2304944, at *2 (Del. Aug. 8, 2025) (quoting Del. Ch. Ct. 144(c)(2)(B)). There is, however, a gap in Court of Chancery Rule 144(c) as to contested actions like this one on the civil miscellaneous docket. *Id.*

(5) In his response to the notice to show cause, the attorney *ad litem* contends that the Court should dismiss this appeal for lack of jurisdiction because neither the Chancellor nor Vice Chancellor entered a final order adopting the Final Report. The attorney *ad litem* also argues that any appeal would be procedurally barred because no timely exceptions were submitted to the Final Report. Daughter did not respond to the notice to show cause.

(6) Given Boyfriend's failure to respond to the notice to show cause, dismissal of this appeal is deemed to be unopposed under Supreme Court Rule 3(b)(2). In addition, Boyfriend's failure to file exceptions to the Final Report means that he did not preserve issues for this Court's review.[3]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 3(b)(2) and 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[3] *Cowan v. Furlow*, 2024 WL 4362264, at *2 (Del. Sept. 30, 2024) ("[S]ubstantive challenges to a Magistrate's final report that are not raised in exceptions under Court of Chancery Rule 144 are not preserved for review on appeal to this Court.").